TITLE GUARANTEE CO. OF RHODE ISLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11450.   Promulgated February 17, 1928.

*Roger T. Clapp, Esq.,* for the petitioner.

*C. C. Holmes, Esq.,* for the respondent.

OPINION.

GREEN: The petitioner contends that under the circumstances set out in the findings of fact it sustained in 1921 an uncompensated loss in connection with its trade or business of $16,565.70, which it contends, is deductible under section 234(a)(4) of the Revenue Act of 1921. It argues in its brief as follows:

It is thus contended that by giving such bond, exposing itself in fact to full liability for the rent accountability of the Lederer Company, the Title Company then definitely closed the last remaining door to recovery of its advance made in 1918, since any of the purchase price now recovered was subject to cross claim of the Lederer Company against the Title Company on the bond so given by it. This would have been so even had Mr. Boss then— as was hoped—repaid the purchase price to the Lederer Company; it is all the more so by reason of the fact that Mr. Boss thereupon decided not to make such payment.

It is our opinion that the petitioner sustained no deductible loss in 1921 on account of the Lederer transaction. At no time within that year did it actually pay out any sum of money in satisfaction of its obligation under the policy of insurance given in 1911. The amount of its loss could not have been determined in that year since it was conditioned upon subsequent termination of litigation over the fund in the hands of Boss. It loaned the Lederer Company $16,500 in 1918 and gave that company a bond in 1921, wherein it extended and enlarged the field of possible liability to the Lederer Company. As we view the matter the only possible claim for a deduction, outside of the $65.70 which we will discuss later, would be in the nature of a bad debt on a showing by the petitioner that the note it took in 1918 became worthless or partly so in 1921 or that it was called upon during the remainder of 1921 to make good any of the promises contained in the bond which it gave on August 2, 1921. The latter alternative is at once eliminated because the petitioner was not called upon to make good any such promises until some time in 1925. Regarding the possibility of a bad debt deduction the petitioner has not in the first place specifically pleaded or otherwise contended that it was entitled to any deduction other than what might be allowable under section 234(a)(4) of the Revenue Act of 1921. But even if we were to hold that the assignment of error in the petition was sufficiently general in its terms to include an issue as to a deduction coming under section 234(a)(5) of the 1921 Act, we do not think the evidence shows that the note became worthless in 1921. The parties did not know in 1921 how the court was going to decide the matter in 1925. The petitioner and the Lederer Company were defending the bill for an accounting on the grounds of the statute of limitations and that the latter was entitled to a counterclaim for the value of the improvements put on the property beween 1911 and 1918. Had the court decided the case on these grounds the petitioner would in all probability have sustained no loss at any time. At any rate we do not think the circumstances were such in 1921 as would justify any determination that the note for $16,500 became worthless in whole or in part in that year. Furthermore, the evidence does not show that any part of the note was charged off the petitioner's books of account during 1921.

In connection with the amount of $65.70 the evidence does not show the nature of such costs. Neither does the petitioner contend for a deduction of such sum separate and apart from the entire amount of $16,565.70.

*Judgment will be entered for the respondent.*